UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| EARL R. R., JR.,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>KILOLO KIJAKAZI,[1]  )<br>  )<br>      Defendant.  ) | Case No. 4:21-cv-04052-SLD-JEH |

ORDER

Before the Court is Petitioner Robert E. Fisher's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C § 406(b), ECF No. 10. For the following reasons, the motion is GRANTED.

BACKGROUND

On March 23, 2021, Plaintiff Earl R. R., Jr., represented by Fisher, filed a complaint seeking review of Defendant Acting Commissioner of Social Security Kilolo Kijakazi's ("the Commissioner") final decision denying his claim for disability benefits. Compl. 1, ECF No. 1. This Court reversed the Commissioner's decision and remanded Earl's case to the Commissioner for further proceedings. July 2, 2021 Order 1, ECF No. 8. On remand, an administrative law judge ("ALJ") issued a decision fully in favor of Earl. *See* Not. Decision 1, ECF No. 10-1. The Social Security Administration ("SSA") awarded Earl $54,883.00 in total past-due benefits. *See* Not. Award 3, ECF No. 10-2 (indicating that figure in past-due benefits "for November 2019 through March 2022").

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for her predecessor, Andrew Saul.

1

Earl agreed to pay Fisher 25 percent of all past-due benefits. *See* Fee Agreement 1, ECF No. 10-4. Fisher now requests that the Court award his firm, Hanson and Fisher, Attorneys at Law, $7,720.75 in attorney's fees[2] for work performed representing Earl before this Court. Mot. Fees 1. The Acting Commissioner does not oppose this request. Resp. Mot. 2, ECF No. 11.

**DISCUSSION**

The Social Security Act allows a court to award "a reasonable fee for . . . representation" of a claimant who prevails in court. 42 U.S.C. § 406(b)(1)(A). This fee must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) ("The fee is payable out of, and not in addition to, the amount of [the] past-due benefits." (alteration in original) (quotation marks omitted)). In considering whether the requested amount is reasonable, the court looks to the "character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* And "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

The $7,720.75 requested for attorney's fees here is consistent with the fee agreement. And the Court finds that the amount is reasonable. Fisher spent 9.25 hours litigating this case in court. Statement of Time 1–2, ECF No. 10-5. This results in an effective hourly rate of $834.68. Other courts in the Seventh Circuit have approved awards resulting in similar rates. *See, e.g.*, *Hopkins v. Saul*, CAUSE NO.: 4:17-CV-36-TLS-JEM, 2020 WL 2466182, at *2 (N.D. Ind. May 13, 2020) (effective hourly rate of $703.80); *Hoover v. Saul*, CAUSE NO.: 1:16-CV-427-TLS,

---

[2] Although 25 percent of $54,883.00 is $13,720.75, the SSA paid Earl's representative from his past-due benefits. *See* Not. Award 3–4.

2019 WL 3283047, at *2 (N.D. Ind. July 22, 2019) (effective hourly rate of $800.00).  The Court further notes that this rate is reasonable in light of the contingent nature of representing claimants in Social Security cases.[3]  *See Hoover*, 2019 WL 3283047, at *2 (noting that the effective rate was "well within the range of reasonableness given the [p]laintiff's attorney's years of experience, the contingent nature of this representation, and the fees that have been approved in similar cases in this District").  Moreover, the results achieved for Earl—over $50,000.00 in past-due benefits—are great, further justifying the amount of fees to be awarded to Earl's counsel.  *See, e.g.*, *Mora v. Saul*, No. 1:18-cv-00739-SEB-TAB, 2019 WL 5566444, at *2 (S.D. Ind. Oct. 28, 2019) (considering the amount of benefits the plaintiff was awarded).

## CONCLUSION

Accordingly, Petitioner Robert E. Fisher's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C § 406(b), ECF No. 10, is GRANTED.  Hanson and Fisher, Attorneys at Law, is awarded $7,720.75 in attorney's fees to be paid out of Plaintiff Earl R. R., Jr.'s past-due benefits.

Entered this 21st day of August, 2023.

s/ Sara Darrow<br>SARA DARROW<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[3] A study cited by the Seventh Circuit Court of Appeals in 2011 suggested that only approximately 35 percent of Social Security cases appealed to district courts ultimately result in an award of benefits.  *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011).  An attorney who represents Social Security claimants is unlikely to get fees from most of his clients if few of them receive benefits.  The amount he receives from clients who do get an award of past due benefits, then, must be sufficient to incentivize him to represent the other clients for whom he may not get paid.  *Cf. Rasmussen v. Colvin*, No. 10 C 2344, 2013 WL 4537316, at *3 (N.D. Ill. Aug. 27, 2013) ("Moreover, because only 35% of disability appeals result in benefit awards, Counsel's effective hourly rate for all Social Security disability claims cases handled is substantially less than the $998 per hour realized in this case." (citing *Martinez*, 630 F.3d at 695)).